UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA HARRIS,

    Plaintiff,                          Hon. Ellen S. Carmody

v.                                                   Case No. 1:16-cv-900

TPUSA, INC.,

    Defendant.
_____/

## OPINION

This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 57), and <u>Plaintiff's Motion for Order to Review Factual Evidence</u>, (ECF No. 61). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Paul L. Maloney referred this case to the undersigned. For the reasons discussed herein, both motions are **granted** and this matter is **terminated**.

**I.**       **BACKGROUND**

On July 15, 2016, Plaintiff initiated the present action against Defendant TPUSA, Inc. alleging that she had been subjected to unlawful discrimination. (ECF No. 1). On November 28, 2016, Plaintiff amended her complaint to assert three distinct claims: (1) Americans with Disabilities Act (ADA); (2) Race Discrimination; and (3) Retaliation. (ECF No. 26).

In her First Amended Complaint, Plaintiff alleges the following. Plaintiff, an African-American woman, began working for Defendant in July 2014. During the course of Plaintiff's employment, "members of her management team made racially derogatory comments."

Plaintiff complained about these comments after which "Defendant's discriminatory practices escalated." Plaintiff was subsequently denied a promotion "on the basis of her race." As a result of this "wrongful treatment," Plaintiff "began to develop physical and mental pathologies" limiting her ability to work. Plaintiff's requests for accommodation of these limitations were refused. In June 2015, Defendant terminated Plaintiff's employment based upon "falsified evidence of unprofessional conduct."

On April 28, 2017, the Honorable Paul L. Maloney dismissed Plaintiff's ADA claim for failure to state a claim on which relief may be granted. (ECF No. 33). On December 29, 2017, Defendant moved for summary judgment on the ground that Plaintiff's action is untimely. The same day, Plaintiff moved for an order to "review factual evidence."

II.     **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show

that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show

the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**III.      PLAINTIFF'S MOTION TO REVIEW FACTUAL EVIDENCE**

In her motion, Plaintiff requests that the Court review the arguments therein and attached materials which, according to Plaintiff, establish that she timely initiated the present action. Plaintiff's motion is granted in so far as the Court will consider this particular pleading as part of Plaintiff's response to Defendant's motion for summary judgment. As discussed below, however, the arguments and evidence contained in this pleading are insufficient to defeat Defendant's motion for summary judgment.

**IV.      DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The only two claims remaining in this matter are Counts II and III of Plaintiff's First Amended Complaint. Count II concerns Plaintiff's Race Discrimination claim and Count III concerns Plaintiff's Retaliation claim. Defendant argues that it is entitled to relief on the ground that Plaintiff did not timely assert these claims. To properly analyze this, it is necessary to examine in detail Plaintiff's two EEOC complaints and two complaints filed in this matter.

A.      EEOC Complaint #1

On March 30, 2015, Plaintiff submitted an EEOC complaint against Defendant alleging racial discrimination and retaliation. (ECF No. 58-1 at PageID.310). The Charge Number assigned to this complaint was 471-2015-01628. (ECF No. 58-1 at PageID.310).

4

Plaintiff alleged that she was "subjected to unequal terms and conditions of employment" based upon her race and later demoted "in retaliation for complaining of discrimination." (ECF No. 58-1 at PageID.310).

On January 22, 2016, the EEOC issued a Dismissal and Notice of Rights letter (aka a right to sue letter) notifying Plaintiff that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (ECF No. 58-2 at PageID.312). This notice further informed Plaintiff that she "may file a lawsuit" based on the allegations in her complaint, but that any such suit "must be filed within 90 days of your receipt of this notice." (ECF No. 58-2 at PageID.312).

B. EEOC Complaint #2

On February 19, 2016, Plaintiff filed an EEOC complaint against Defendant alleging retaliation and disability-based discrimination. (ECF No. 58-7 at PageID.329). The Charge Number assigned to this complaint was 471-2016-00990. (ECF No. 58-7 at PageID.329). Plaintiff alleged that in June 2015, Defendant refused her request for work modifications to accommodate her disability." (ECF No. 58-7 at PageID.329).

On April 22, 2016, the EEOC issued a Dismissal and Notice of Rights letter (aka a right to sue letter) notifying Plaintiff that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (ECF No. 58-8 at PageID.331). This notice further informed Plaintiff that she "may file a lawsuit" based on the allegations in her complaint, but that any such suit "must be filed within 90 days of your receipt of this notice." (ECF No. 58-8 at PageID.331).

### C. Plaintiff's Initial Complaint

Plaintiff filed her initial complaint on July 15, 2016. Plaintiff expressly cited to her second EEOC complaint and asserted a retaliation claim as well as an ADA claim. (ECF No. 1). Specifically, Plaintiff alleged that she injured her shoulder in May 2015 and was denied, in July 2015, reasonable accommodation for such. Plaintiff alleged that this conduct violated her rights under the ADA and constituted unlawful retaliation. (ECF No. 1 at PageID.1-2). There is no mention in Plaintiff's initial complaint of her initial EEOC complaint or the allegations therein.

### D. Plaintiff's First Amended Complaint

Plaintiff submitted her First Amended Complaint on November 28, 2016, asserting the following claims: (1) Americans with Disabilities Act (ADA); (2) Race Discrimination; and (3) Retaliation. (ECF No. 26). As previously discussed, Plaintiff's ADA claim was subsequently dismissed. Plaintiff's two remaining claims both arise from her initial EEOC complaint. While Plaintiff's initial EEOC complaint contains a race discrimination claim, Plaintiff's second EEOC complaint contains no such allegation. While Plaintiff asserted retaliation claims in both of her EEOC complaints, Judge Maloney has already determined that Count III of Plaintiff's First Amended Complaint "relat[es] to the first EEOC charge because while a vague retaliation claim was alleged in the second EEOC charge, the allegations in the complaint mirror those in the first EEOC charge." (ECF No. 33 at PageID.221 n. 3).

### E. Timeliness of Plaintiff's Claims

A plaintiff must satisfy two prerequisites before bringing a Title VII action in federal court. She must first file a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) and receive a right to sue letter from the EEOC.

*See, e.g., White v. Northern Michigan Regional Hospital*, 698 F.Supp.2d 950, 957-58 (W.D. Mich. 2010). She must then initiate her action in federal court within 90 days of receiving a right-to-sue letter from the EEOC. *See Lockhart v. Holiday Inn Express Southwind*, 531 Fed. Appx. 544, (6th Cir., July 29, 2013).

As noted above, the EEOC issued a right to sue letter on January 22, 2016, regarding the allegations in Plaintiff's initial EEOC complaint. These allegations were not asserted in this action until Plaintiff submitted her First Amended Complaint on November 28, 2016. At first glance, it would appear that Plaintiff's remaining claims, first asserted more than ten (10) months after the issuance of Plaintiff's right to sue letter, were not timely filed. However, before reaching such a conclusion two additional issues must be examined: (1) do the allegations in Plaintiff's First Amended Complaint relate back to her initial complaint; and (2) when did Plaintiff's ninety (90) day window within which to initiate legal action begin to run.

1.  Relation Back

As noted above, Plaintiff did not assert in her initial complaint either of the two claims remaining in this action, but instead first asserted such in her First Amended Complaint. Thus, the question becomes whether the claims asserted in Plaintiff's First Amended Complaint relate back to Plaintiff's initial complaint. If such is the case, Plaintiff's remaining claims will be deemed filed, for statute of limitations purposes, on July 15, 2016; otherwise, such claims will be deemed filed on November 28, 2016. *See, e.g., Shelton v. Michigan Turkey Producers Co-op., Inc.*, 2014 WL 4388366 at *9 (W.D. Mich., Sept. 5, 2014).

Plaintiff's two remaining claims concern the allegations in her initial EEOC complaint which are distinct, legally and temporally, from the allegations in Plaintiff's second

7

EEOC complaint. Thus, because the allegations underlying Plaintiff's remaining claims do not arise from the same conduct, transaction, or occurrence, Plaintiff's remaining claims do not relate back to her initial complaint. *See* Fed. R. Civ. P. 15(c)(1)(B); *Shelton*, 2014 WL 4388366 at *9-10. Accordingly, for statute of limitations purposes, Plaintiff's two remaining claims are deemed to have been filed on November 28, 2016, the date Plaintiff filed her First Amended Complaint.

2. Ninety (90) Day Window

Defendant has submitted evidence that the EEOC, on January 22, 2016, mailed to Plaintiff a right to sue letter concerning her initial EEOC complaint. (ECF No. 58-4 at PageID.317).[1] There exists a rebuttable presumption that a claimant received the right to sue letter within five (5) days of the EEOC mailing of such to the claimant's record address. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000); *see also*, *Spurlock v. Synthes (USA)*, 2013 WL 4739703 at *5 (W.D. Tenn., Sept. 3, 2013) (citations omitted) ("notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of a [right to sue] notification to the claimant's record residential address").

Plaintiff asserts that this presumption has been overcome because the EEOC's attempted delivery of her right to sue letter was not successfully accomplished. The Court disagrees. It is clearly established in the Sixth Circuit that actual receipt of a right to sue letter is not necessarily required to trigger the 90 day period within which legal action must be initiated. *See, e.g., Graham-Humphreys*, 209 F.3d at 558 (recognizing that the court has not adopted "an

---

[1] The parties have both submitted copies of Case Logs that the EEOC maintained regarding Plaintiff's two EEOC complaints. When examining these Case Logs it is necessary to correlate each Case Log with the corresponding EEOC complaint. This is accomplished by examining the upper left hand corner of the Case Logs where the corresponding Charge Number is located.

8

inflexible rule requiring actual receipt of notice by a claimant before the time period begins to run"). For example, where a claimant fails to provide the EEOC with a correct and/or current mailing address, thus preventing actual delivery of the right to sue letter, such does not prevent the initiation of the aforementioned 90 day window. *See, e.g., Graham-Humphreys*, 209 F.3d at 558 ("a claimant who neglected to inform the EEOC of his change of address had constructively received his [right to sue] notification" where such was mailed to the claimant's "record address").

The evidence demonstrates that Plaintiff failed to provide the EEOC with a current or correct mailing address. As noted above, the EEOC mailed a right to sue letter concerning Plaintiff's initial EEOC complaint on January 22, 2016.[2] (ECF No. 58-4 at PageID.317). The EEOC's mailing, however, was returned by the United States Postal Service with the following notation:

> Return to Sender
>
> Vacant
>
> Unable to Forward

(ECF No. 58-3 at PageID.315).

This result was to be expected given that Plaintiff had failed to provide the EEOC with a correct mailing address. In discovery responses, Plaintiff asserted that as of January 22, 2016, her address was 3235 Birchwood, Wyoming, Michigan. (ECF No. 58-6 at PageID.325). This was not the address, however, that Plaintiff had provided to the EEOC. (ECF No. 58-2 at PageID.312; ECF No. 73-1 at PageID.444, 447). While Plaintiff may not have actually received her right to sue letter, concerning her initial EEOC complaint, before January 27, 2016, the 90-day

---

[2] Plaintiff's argument to the contrary is rejected as Plaintiff cites to the Case Log which corresponds to Charge Number 471-2016-00990, Plaintiff's *second* EEOC complaint. (ECF No. 73-1 at PageID.444-45).

window within which she had to timely initiate legal action nevertheless began to run on this date. Thus, Plaintiff's First Amended Complaint, filed November 28, 2016, was untimely.

### 3. Equitable Tolling

As discussed herein, Plaintiff's two remaining claims were not timely filed. Nevertheless, Plaintiff can avoid dismissal of these claims on statute of limitation grounds if she demonstrates that she is entitled to equitable tolling. The Supreme Court has observed, however, that equitable tolling is to be applied "sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).

When assessing whether equitable tolling applies, the Court must consider the following factors, none of which are dispositive: (1) the lack of notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *See Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007). Examination of these factors compels the conclusion that Plaintiff is not entitled to equitable tolling.

Plaintiff received a right to sue letter regarding her second EEOC complaint on or about April 27, 2016. (ECF No. 58-8 at PageID.331). Receipt of this notification expressly informed Plaintiff of the 90-day window within which to initiate legal action. Thus, Plaintiff cannot claim ignorance of the applicable deadline. Even if it is assumed that Plaintiff had not actually received, as of April 27, 2016, the right to sue letter concerning her initial EEOC complaint, receipt of this notification should have caused Plaintiff to question why she had not received such and, therefore, contact the EEOC. *See Graham-Humphreys*, 209 F.3d at 558 n.11

("a Title VII plaintiff has a manifest common sense obligation to exercise ordinary diligence in prosecuting his or her claim"). The record certainly reflects that Plaintiff was able to communicate with the EEOC via telephone and email when she desired. (ECF No. 73). In sum, Plaintiff did not act with sufficient diligence to obtain the benefit of equitable tolling.

## CONCLUSION

For the reasons articulated herein, the Court finds that Plaintiff's two remaining claims, asserted in her First Amended Complaint, were not timely filed. Accordingly, Defendant's Motion for Summary Judgment, (ECF No. 57), is **granted**; Plaintiff's Motion for Order to Review Factual Evidence, (ECF No. 61), is **granted**; and this matter is **terminated**. An Order consistent with this Opinion will enter.

Date: April 5, 2018 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge